## LANSING SUPPLY COMPANY *v.* DAILY

1. APPEAL AND ERROR—JUDGMENT—TRIAL COURT.

    Judgment for plaintiff must be reversed where findings of fact by trial court on which judgment was based are clearly erroneous (GCR 1963, 517.1).

2. GUARANTY—IMPLIED CONTRACT—BILLING AGENT.

    Billing arrangement whereby defendant, who was functionally qualified under plaintiff's selling policy to buy heating and air conditioning equipment from plaintiff, agreed to act as billing agent for a contractor who was not so qualified, but to which plaintiff wished to sell, and agreed to transmit its payments to plaintiff, gave rise to no implied contract of guaranty to plaintiff for the contractor's indebtedness, where defendant received no benefit from the agreement except a possible opportunity to collect a past-due debt from the contractor, defendant made no agreement to answer for any of contractor's debts to plaintiff, and plaintiff was aware of the extent and purpose of defendant's services.

Appeal from Ingham, Jack W. Warren, J.  Submitted Division 2 February 7, 1969, at Lansing. (Docket No. 5,136.)  Decided February 28, 1969.

Complaint by Lansing Supply Company, a Michigan corporation, against John H. Daily on open account.  Judgment for plaintiff.  Defendant appeals.  Reversed and remanded for entry of judgment for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 727.
[2] 38 Am Jur, Guaranty § 5 *et seq.* ,

*Glassen, Parr, Rhead & McLean,* for plaintiff.

*Farhat, Burns, Treleaven & Luoma,* for defendant.

BEFORE: Quinn, P. J., and McGregor and V. J. Brennan, JJ.

Per Curiam. Defendant appeals from the trial court's entry of judgment in favor of the plaintiff in the amount of $2,332.16, in a non-jury trial.

Plaintiff and Finch Construction Company entered into a purchase agreement whereby Finch Construction Company was to, and did, buy certain heating and air conditioning materials from plaintiff. Finch Construction was not a licensed heating contractor, and plaintiff's business policy prohibited sales to unlicensed purchasers. In order to overcome this obstacle and by agreement, defendant, a licensed contractor, agreed to act as billing agent for Finch and to transmit its payments to plaintiff.

The defendant, in its intermediary function, was to receive no benefit from this agreement with the exception of a possible opportunity to collect from Finch Construction Company a past-due indebtedness that had nothing to do with the plaintiff.

During the time of this purchasing arrangement with plaintiff by Finch Construction Company, plaintiff at no time refused to deliver the materials to Finch until it became apparent Finch was unable to pay for the same.

Defendant entered into no agreement with the plaintiff to be legally bound for any of Finch's debts to plaintiff, and, more particularly, for the indebtedness caused by this purchase agreement. Defendant was not acting as a surety or guarantor for Finch. The record indicates that the plaintiff was

aware of the extent and purpose of defendant's services.

It is apparent that this arrangement was conceived for the benefit of the plaintiff, who could, through it, sell its goods and materials to Finch. Defendant was providing his services alone.

The fact that the defendant continued to provide this billing arrangement service gave rise to no implied contract of guaranty to plaintiff for Finch's indebtedness. At no time did the plaintiff look to the defendant for a guaranty or payment until Finch became uncollectible.

The record is clear that the defendant was an unsatisfied creditor of Finch Construction Company, indicating further defendant's intention not to assume any of Finch's obligations.

After a careful review of the transcript and evidence in this matter, we hold that the findings of fact on which judgment was based are clearly erroneous. GCR 1963, 517.1.

Reversed and remanded for entry of judgment of no cause of action, with costs to defendant.